Zobel, Hiller B., J.
On January 17, 2006 Defendant Keyes North Atlantic, Inc. served all counsel in this and consolidated actions with supplemental answers to “expert” interrogatories indicating that Herbert W. Eisenberg would testily on Defendant’s behalf. A phalanx of Plaintiffs promptly moved to preclude Mr. Eisenberg’s testimony, arguing that the deadline for designating experts had passed on July 30, 2003 and the deadline for completing “expert” depositions had expired September 30, 2004.
The judge to whom the action had previously been specially assigned held a hearing in February 2006, but retired in March 2006, apparently without having decided the pending motion.
At a Litigation Conference held before me on May 3, 2006, at which time a November 2006 trial date was established and other oral pre-trial orders entered, counsel for the contending parties reargued the motion, which is now ripe for decision.
Plaintiffs main argument seems to be that allowing the designation to stand would require them to conduct Mr. Eisenberg’s deposition at a time when (as they accurately observed) they are burdened with preparing for the pre-trial matters which all counsel and the court will be considering on . . Moreover, Plaintiffs say, the Eisenberg deposition may well necessitate taking still more depositions, thus threatening the preparation and trial schedule still further.
Defendants, on the other hand, believe the delay will be minimal, and note that Plaintiffs themselves have on at least one other occasion been able to add a late designation.
After considering the arguments, and upon further reflection, I have concluded that the following protocol is fair and appropriate.
1. The designation may stand (subject to the further conditions stated hereafter).
2. At Plaintiffs’ discretion, and unless Defendants choose to withdraw the designation, Mr. Eisenberg’s deposition may proceed, the entire cost, including delivery of a transcript to Plaintiffs within two business days of the deposition’s closing, to be borne by Defendants.
3. Within five business days of receiving the transcript, Plaintiffs will designate in writing any individual whose deposition has not previously been taken, briefly indicating in the designation precisely why the individual’s deposition is necessary, and will submit the designation to the court, without further documentation by any party, no later than June 2.
4. Mr. Eisenberg’s deposition, if Plaintiff opts to conduct it, is to be scheduled with due regard for the time limits stated in this Memorandum and Order.
5. The court will promptly issue an order stating which of the additional depositions may proceed.
6. The court has in mind that: (a) According to Defendants’ representations at the last Litigation Control Conference, Mr. Eisenberg’s testimony is not anticipated to be voluminous; (b) The extensive discovery already conducted reduces the probability that further depositions will be needed; and (c) The parties and the court anticipate a trial commencing in early November.

ORDER

Accordingly, it is, So Ordered.